AO 91 (Rev. 11/11) Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Jason Norwood | Telephone: | (313) 226-9100 |
| Special Agent: | Robert T. Ziskie | Telephone: | (313) 949-0583 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Donald Rhynes

Case No.

Case: 2:23−mj−30480
Assigned To : Unassigned
Assign. Date : 12/4/2023
CMP USA V RHYNES (LH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **November 2022-February 2023** in the county of **Wayne** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(A) | Possession with the intent to distribute cocaine and fentanyl |

This criminal complaint is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

_SA Robert T. Ziskie_ (signature)
*Complainant's signature*

Special Agent Robert T. Ziskie, DEA
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: **December 4, 2023**

City and state:

_Judge's signature_

Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Robert T. Ziskie, Special Agent with the Drug Enforcement Administration ("DEA"), being first duly sworn, on oath, hereby depose and state as follows:

### *Introduction and Agent Background*

1. I make this affidavit in support of a criminal complaint charging Donald RHYNES with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

2. I am employed as a Special Agent ("SA") with the DEA and have served in this capacity since 2006. I am currently assigned to DEA Detroit Group 2 and have served in this group since late 2019. Prior to my current assignment to DEA Detroit Group 2, I was assigned to a foreign tour with DEA Nicosia Country Office in Nicosia, Cyprus from 2016 until 2019. During that tour, my duties were to investigate international narcotics traffickers and money launderers. From 2006 to 2016, I was assigned to DEA Detroit. I have participated in numerous narcotics investigations involving the violation of controlled substance laws, which have led to the arrest of numerous individuals.

3. During my employment with the DEA, I have received specialized training for drug trafficking and money laundering. I am presently involved in overt and covert drug-related investigations. As part of these investigations, I have

1

conducted and participated in numerous investigations that have resulted in the seizure of methamphetamine, cocaine, fentanyl, heroin, synthetic drugs, cocaine, and other illegal controlled substances. I am familiar with and have participated in the normal methods of investigation, including but not limited to: undercover operations, visual and video surveillance, questioning of witnesses, controlled deliveries, use of search and arrest warrants, management and use of informants, and electronic intercepts.

4. I currently work in conjunction with other federal, state, and local law enforcement agencies investigating illegal drug trafficking of controlled substances throughout the United States and abroad. As such, I am a "federal law enforcement officer," within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for federal criminal offenses and make requests for warrants.

5. This affidavit is made for the purpose of establishing probable cause for a criminal complaint against Donald RHYNES for the crime of possession with the intent to distribute cocaine and fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), as set forth below and does not include all of my knowledge on this matter. The following factual information is based on my personal knowledge, the knowledge of DEA Task Force Agents,

Sterling Heights Police officers and detectives, Oakland County Sheriff deputies, and other law enforcement officers.

### *Probable Cause*

6. In November 2022, the DEA, the Oakland County Narcotics Enforcement Team ("NET"), and the Sterling Heights Police Department, Crime Suppression Unit ("CSU") continued an investigation into Donald RHYNES and other individuals, who were believed to be involved in a conspiracy to sell large amounts of cocaine.

7. Between December 2022 and February 2023, law enforcement made a series of controlled purchases from RHYNES. As a result of those controlled purchases, law enforcement seized a total of 132.26 grams of cocaine.

8. During the first controlled purchase, law enforcement observed RHYNES arrive at the purchase location in a black SUV (the "SUV"). Following the controlled purchase, law enforcement followed RHYNES back to a residence located on Manor Street in Detroit, Michigan (the "Residence"). Law enforcement conducted further investigation into the SUV and discovered the SUV was registered in RHYNES's name.

9. Contemporaneously with the controlled purchases, in December 2022, CSU applied for a state search warrant to install a GPS tracker on the SUV. On December 14, 2022, a state district court magistrate judge authorized the

installation of the GPS tracker for the SUV. Electronic surveillance, via GPS tracking, and physical surveillance confirmed that the SUV was parked at the Residence during nighttime hours and frequently traveled to the Residence before and/or after illegal drug transactions. Additionally, physical surveillance confirmed that RHYNES stayed at the Residence during nighttime hours and frequently traveled to the Residence before and/or after illegal drug transactions.

10. During the operations, at least three transactions for either cocaine and/or United States Currency took place at the Residence including:

   a. In the second full week of December, 2022, RHYNES conducted a controlled purchase at the Residence. On that day, a confidential source ("CS"), working with law enforcement, set up a transaction with RHYNES for cocaine. Law enforcement conducted a search of CS's person and vehicle for excess currency and contraband. Neither was located. While under close and constant surveillance at the Residence, CS entered the Residence. After exiting the Residence, CS was followed back to a pre-determined meet location, at which time CS was searched for excess currency and contraband. Neither was located. CS also stated that CS observed inside the Residence a digital scale and suspected cocaine. The substance CS received from RHYNES was sent

to the County of Oakland, Office of the Sheriff Forensic Science Laboratory and tested positive as cocaine.

b. In the third full week of December, 2022, RHYNES conducted a controlled purchase at the Residence. On that day, a confidential source ("CS"), working with law enforcement, set up a transaction with RHYNES for cocaine. Law enforcement conducted a search of CS's person and vehicle for excess currency and contraband. Neither was located. While under close and constant surveillance at the Residence, CS entered the Residence. After exiting the Residence, CS was followed back to a pre-determined meet location, at which time CS was searched for excess currency and contraband. Neither was located. CS stated that CS observed $30,000-$40,000 in United States currency. The substance CS received from RHYNES was sent to the County of Oakland, Office of the Sheriff Forensic Science Laboratory and tested positive as cocaine.

c. In the fifth week of January, 2023, RHYNES conducted a controlled purchase at the Residence. On that day, a confidential source ("CS"), working with law enforcement, set up a transaction with RHYNES for cocaine. Law enforcement conducted a search of CS's person and vehicle for excess currency and contraband. Neither was located. While

under close and constant surveillance at the Residence, CS entered the Residence. After exiting the Residence, CS was followed back to a pre-determined meet location, at which time CS was searched for excess currency and contraband. Neither was located. The substance CS received from RHYNES was sent to the County of Oakland, Office of the Sheriff Forensic Science Laboratory and tested positive as cocaine.

11. On February 23, 2023, CSU applied for a state search warrant to search the Residence. On the same day, the search warrant for the Residence was authorized by a state district court magistrate judge.

12. On February 24, 2023, CSU, DEA, and NET executed the search warrant at the Residence. As a result of the execution of the search warrant, law enforcement seized approximately 1,020.9 grams of a substance containing fentanyl, 568.68 grams of cocaine, and 15.21 grams of crack cocaine (cocaine base). The quantities of fentanyl and methamphetamine are consistent with drug trafficking.

## Conclusion

13. Based on the foregoing information, Affiant believes probable cause exists for a criminal complaint for Donald RHYNES for possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

I declare under the penalty of perjury that the above facts and circumstances are true and correct to the best of my knowledge and belief.

Respectfully submitted,

*[signature]*

Robert T. Ziskie
Special Agent
Drug Enforcement Administration

Sworn to before me and signed in my presence
and/or by reliable electronic means.

*[signature]*

Honorable Anthony P. Patti     December 4, 2023
United States Magistrate Judge