UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

                                    Case No. 24-cr-20022-02

v.

                                    Hon. David M. Lawson

D-2 Donald Rhynes,

       Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

In advance of the sentencing hearing set in the above-listed case, the United States hereby provides its sentencing memorandum and brief.

**Sentencing Issues:**

There are no contested issues at sentencing.

**Government Witnesses:**

The government does not intend to call any witnesses.

**Government Exhibits:**

The government does not submit any exhibits.

1

                    Respectfully Submitted,

                    DAWN N. ISON
                    United States Attorney

                    *s/ Jason Dorval Norwood*
                    Jason Dorval Norwood
                    Rajesh Prasad
                    Assistant United States Attorneys
                    211 W. Fort Street, Suite 2001
                    Detroit, Michigan 48226
                    313-226-9587
                    Jason.Norwood@usdoj.gov

Dated: 9/10/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

D-2 Donald Rhynes,

       Defendant.
_____/

Case No. 24-cr-20022-02

Hon. David M. Lawson

**GOVERNMENT'S SENTENCING BRIEF[1]**

**I.    RELEVANT FACTUAL BACKGROUND**

    **A.    Offense Conduct**

        i.    Introduction

From in or around November 2020 and continuing until March 2023, Defendant Donald Rhynes ("Defendant") conspired with Anthony Dail ("Dail"), Eric Reynolds, and Lekia Lewis, to possess with intent to distribute controlled substances in the Detroit metropolitan area. (ECF

---

[1] Mr. Rhynes did not raise any objections to his Pre-Sentence Investigation Report. (ECF No. 73). The only update to his Final Pre-Sentence Investigation Report was replacing a co-defendant's name with his name in one paragraph. (ECF No. 73; PageID.414).

3

No. 73, at ¶ 10). Dail recruited Defendant to sell cocaine on behalf of the conspiracy. (ECF No. 73, at ¶ 16). In addition to Defendant's role as a street-level dealer for the conspiracy, he resided at a property owned by Dail, and stored over 1 kilogram of fentanyl, over 1 kilogram of cocaine, and possessed approximately five firearms at the residence on behalf of the conspiracy. (ECF No. 73, at ¶ 26).

In addition, Defendant utilized Dail's car wash, and in concert with Dail, conducted the sale of cocaine at the property. (ECF No. 73, at ¶¶ 17, 23). During the execution of a search warrant, law enforcement recovered over 1 kilogram of fentanyl from the car wash. (ECF No. 73, at ¶ 29).

In total, Rhynes is responsible for over 2 kilograms of fentanyl, over 1 kilogram of cocaine, and smaller amounts of cocaine base and heroin. (ECF No. 73, at ¶ 30).

   ii. A Series of Controlled Purchases

On December 6, 2022, Defendant "fronted" (provided the drugs, with an agreement for future payment) 61.42 grams of cocaine to a confidential source ("CS") on behalf of the conspiracy. (ECF No. 73, at ¶ 16). Approximately one week later, CS traveled to a residence on

Manor St. in Detroit, Michigan ("Manor St.), occupied by Defendant and owned by Dail, and paid Defendant for the cocaine received on December 6. (ECF No. 73, at ¶¶ 16, 26).

On December 20, 2022, CS and Defendant made arrangements for another purchase of cocaine on the same day. (ECF No. 73, at ¶ 17). The controlled purchase took place a Dail's car wash located on W. Nichols Rd. in Detroit, Michigan ("Dail's Car Wash"). Prior to the transaction, CS met with Dail, the Defendant, and a third individual. (ECF No. 73, at ¶ 17). Defendant sold approximately 12.79 grams of cocaine to CS. (ECF No. 73, at ¶ 17).

On the same day, Defendant met with CS at Manor St. and fronted CS approximately 14.96 grams of cocaine. (ECF No. 73, at ¶ 18). Approximately eight days later, CS met with Defendant and paid for the cocaine received at Manor St. (ECF No. 73, at ¶ 19).

On January 5, 2023, Defendant engaged in a fourth sale of cocaine with CS, on behalf of the conspiracy. (ECF No. 73, at ¶ 20). On the same day, Defendant sold CS approximately 13.82 grams of cocaine. (ECF No. 73, at ¶ 20).

On January 30, 2023, Defendant engaged in a fifth sale of cocaine with CS at Manor St. for approximately 15.20 grams of cocaine. (ECF No. 73, at ¶ 22).

On February 21, 2023, Defendant met with CS at Dail's Car Wash for a sixth sale of cocaine. (ECF No. 73, at ¶ 23). Prior to the transaction, CS met with Dail, the Defendant, and a third individual. (ECF No. 73, at ¶ 23). Defendant sold approximately 14.07 grams of cocaine to CS. (ECF No. 73, at ¶ 23).

    iii. Search Warrants

On February 24, 2023, law enforcement executed search warrants at multiples addresses utilized by Defendant and Dail and other members of the conspiracy including Manor St.; Dail's Car Wash; a residence on Sussex St. in Detroit, Michigan, owned by Dail ("Sussex St."); Dail's primary residence on Queen Ave in West Bloomfield, Michigan ("Queen Anne"); and a residence on McDowell St. in Ferndale, Michigan, owned by Dail ("McDowell St.). (ECF No. 73, at ¶¶ 25, 26-29).

During the execution of the search warrant at Manor St., law enforcement recovered 1,041.22 grams of fentanyl, 1,131.49 grams of

cocaine, 15.21 grams of cocaine base, and 14.2 grams of heroin.  (ECF No. 73, at ¶ 26).  A brick-shaped package, which contained over a kilogram of cocaine included the word "Panda," on the wrapping.  (ECF No. 73, at ¶ 26).  Additionally, law enforcement recovered approximately five firearms including an AR-15 style pistol, two Glock pistols, a Hi-Point pistol, and a .22 rifle.  (ECF No. 73, at ¶ 26).  Law enforcement also recovered drug paraphernalia including Tupperware containing chunks of substances and multiple digital scales.  (ECF No. 73, at ¶ 26).

On the same day, law enforcement executed a search warrant at Dail's Car Wash.  (ECF No. 73, at ¶ 29).  Law enforcement recovered a brick-shaped package, which included the word "Panda," on the wrapping (like the package recovered at Manor St.).  (ECF No. 73, at ¶ 29). However, this package contained 1,017.99 grams of fentanyl.  (ECF No. 73, at ¶ 29).

Law enforcement also executed the search warrants at Sussex St., Queen Anne, and McDowell and recovered additional quantities of cocaine, firearms, over $150,000 in United States currency, and jewelry.  (ECF No. 73, at ¶¶ 27-29).  Notably, law enforcement recovered a

7

portion of the buy money from the controlled purchase between Defendant and CS at Dail's primary residence located on Queen Ave. (ECF No. 73, at ¶ 29).

### B. Sentencing Guidelines Calculation

Defendant's advisory sentencing guidelines range is 135-168 months. (ECF No. 73, at ¶ 88).

Defendant's sentencing range is predicated on a base offense level of 32, because the offense involved at least 3,000 kilograms but less than 10,000 kilograms of converted drug weight. (ECF No. 73, at ¶ 36). Defendant also receives sentencing enhancements for his possession of dangerous weapons under USSG § 2D1.1(b)(1) and maintaining a drug premises under USSG § 2D1.1(b)(12). (ECF No. 73, at ¶¶ 37-38).

Due to Defendant's possession of firearms, he is not eligible for an adjustment for "Zero-Point Offenders," under USSG §4C1.1(a) and (b). (ECF No. 73, at ¶ 49).

If granted acceptance of responsibility, Defendant would receive a score of 34. (ECF No. 73, at ¶ 44). The government intends to move the for the third level for acceptance of responsibility, which would result in a total offense score of 33. (ECF No. 73, at ¶ 45).

## II. <u>ARGUMENT</u>

Pursuant to 18 U.S.C. § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those factors include (in relevant part):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentenced imposed---

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from future crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(6) the need to avoid unwarranted sentence disparities among

    defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).

  **A. The Nature and Circumstances of the Offense**

  Defendant's main role in the conspiracy was to sell illegal controlled substances on behalf of Dail's, conceal those substances where he resided, and protect those substances with approximately five firearms. (ECF No. 73, at ¶¶ 16-20, 22, 23, 25-29). Defendant sold cocaine to CS on approximately six occasions. (ECF No. 73, at ¶¶ 16-20, 22, 23). Defendant is responsible for over 2 kilograms of fentanyl and over 1 kilogram of cocaine, which he intended to distribute throughout the Detroit metropolitan area. (ECF No. 73, at ¶ 30). Based on the quantity of illegal controlled substances and defendant's involvement, he was a high-volume drug trafficker.

  In addition to Defendant's involvement with kilogram quantities of fentanyl and cocaine, he possessed multiple firearms in furtherance of the conspiracy. (ECF No. 73, at ¶ 26).

B. **History and Characteristics of the Defendant**

Defendant is 41 years old. (ECF No. 73; PageID.418). He is a lifetime resident of Detroit. (ECF No. 73, at ¶ 26). From 2018 until 2021, Defendant used cocaine daily. (ECF No. 73, at ¶ 70). However, Defendant did not report using cocaine during his commission of the instant offense. (ECF No. 73, at ¶ 26).

In the past ten years, Defendant reports working for several employers including Lyft, Romillo Smith United (mail carrier), Noble Voice, Uber, and the Grand Lawn Cemetery. (ECF No. 73, at ¶¶ 77, 80, 81, 83, 85). However, Defendant had several stints of unemployment including over one year between February 2015-May 2016, August 2019-November 2019, and November 2022-July 2023. (ECF No. 73, at ¶¶ 76, 78, 82, 84). Defendant also reports that he was the manager of Dail's Car Wash from April 2020 until October 2022—the same period where he sold illegal controlled substances on behalf of the conspiracy and assisted in the storage of drugs at this location. (ECF No. 73, at ¶¶ 17, 23, 29, 79). Defendant is currently unemployed. (ECF No. 73, at ¶ 76).

### C. The Need for the Sentence Imposed

The criminal conduct before the Court is significant. Defendant's distribution and concealment of significant quantities of fentanyl and cocaine shows defendant played a major role in the conspiracy orchestrated by Dail. Dail entrusted Defendant with possession of kilogram quantities of fentanyl and cocaine. Defendant protected these illegal controlled substances with several firearms including an AR-15 style pistol. Defendant held a position of trust and worked directly with Dail.

A sentence at the bottom of defendant's advisory guidelines range (135 months) would provide the defendant with adequate deterrence to further criminal conduct and protect the public from future crimes of the defendant.

### III. **CONCLUSION**

The record before the Court shows that defendant engaged in significant criminal conduct with illegal controlled substances and possession of firearms as part of the conspiracy.

For these reasons, a sentence of 135 months is appropriate.

        Respectfully Submitted,

        DAWN N. ISON
        United States Attorney

        *s/ Jason Dorval Norwood*
        Jason Dorval Norwood
        Rajesh Prasad
        Assistant United States Attorneys
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226
        313-226-9587
        313-269-4697 (Cell)
        Jason.Norwood@usdoj.gov

Dated: 9/10/2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorney on record.

        *s/ Jason Dorval Norwood*
        Jason Dorval Norwood
        Assistant United States Attorney