UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

D-4 Lekia Lewis,

    Defendant.

_____/

Case No. 24-CR-20022

Hon. David M. Lawson

# **GOVERNMENT'S SENTENCING MEMORANDUM**

In advance of the sentencing hearing set in the above-listed case, the United States hereby provides its sentencing memorandum and brief.

**Sentencing Issues:**

There are no contested sentencing issues.

**Government Witnesses:**

The government does not intend to call any witnesses.

**Government Exhibits:**

The government does not submit any exhibits.

1

                                      Respectfully Submitted,

                                      DAWN N. ISON
                                      United States Attorney

                                      *s/Jason Dorval Norwood*
                                      Jason Dorval Norwood
                                      Rajesh Prasad
                                      Assistant United States Attorneys
                                      211 W. Fort Street, Suite 2001
                                      Detroit, Michigan 48226
                                      313-226-9587
                                      Jason.Norwood@usdoj.gov

Dated: November 15, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

D-4 Lekia Lewis,

       Defendant.
_____/

Case No. 24-CR-20022

Hon. David M. Lawson

## GOVERNMENT'S SENTENCING BRIEF

### I. RELEVANT FACTUAL BACKGROUND

#### A. Offense Conduct

##### i. Defendant's Involvement in the Dail Conspiracy

From in or around November 2020 and continuing until March 2023, Defendant Lekia Lewis ("Defendant") worked as a courier in a drug trafficking organization led by Anthony Dail ("Dail"). (ECF No. 79, at ¶¶ 10-14).

In 2020, co-conspirator Eric Reynolds ("Reynolds") recruited Defendant for Dail, to receive and deliver cocaine packages. (ECF No. 79, ¶ 14). Between November 2020 and February 2021, Dail directed Reynolds and Defendant to facilitate cocaine transactions between

3

Albion, Michigan and Detroit, Michigan. (ECF No. 79, at ¶¶ 11-14). On two occasions in November 2020, law enforcement observed Defendant meet with Dail at a location owned by Dail on Sussex St. in Detroit ("Sussex St.") then travel back to Albion. (ECF No. 79, at ¶ 11).

On December 15, 2020, law enforcement observed Dail and Defendant meet at Sussex St. (ECF No. 79, at ¶ 12). Dail briefly entered Defendant's vehicle before she left and returned to Albion. (ECF No. 79, at ¶ 12). On January 5, 2021, Dail and Defendant met at Sussex St. (ECF No. 79, at ¶ 13). On this occasion, law enforcement observed Defendant obtain a white bag from Dail's vehicle. (ECF No. 79, at ¶ 13).

During this period, Defendant delivered approximately 12 "softball sized packages" of cocaine provided by Dail to Reynolds, totaling over 500 grams of cocaine. (ECF No. 79, at ¶ 14).

  ii. Defendant's Involvement in the Cheese Conspiracy[1]

Between September 2019 and February 2021, Defendant also worked for Homer Lee Cheese, Jr. ("Cheese"). (ECF No. 79, ¶¶ 15; 20).

---

[1] This section includes Stipulated Offense Conduct, from the Cheese drug trafficking case in Docket No. 22-cr-20061. Defendant agrees that the offense conduct from this case number should be counted towards her sentencing before this Court.

4

Defendant transported cocaine on Cheese's behalf from Detroit to Albion, Michigan. (ECF No. 79, ¶ 17). On October 1, 2020, law enforcement seized over 1,500 grams of cocaine transported by Defendant. (ECF No. 79, ¶ 17). Law enforcement discovered Defendant made at least 20 trips to deliver cocaine and/or drug proceeds on behalf of the conspiracy. (ECF No. 79, ¶ 17).

### B. Sentencing Guidelines Calculation

Defendant's advisory sentencing guidelines range is 46-57 months. (ECF No. 79, at ¶ 96).

Defendant's sentencing range is predicated on a base offense level of 26, because the offense involved at least 2 kilograms but less than 3.5 kilograms of cocaine. (ECF No. 79, at ¶ 28).

If granted acceptance of responsibility, Defendant would receive a score of 24. (ECF No. 79, at ¶¶ 31; 33). The government intends to move for the third level for acceptance of responsibility, which results in a total offense level of 21. (ECF No. 79, at ¶¶ 36-37).

### II. ARGUMENT

Pursuant to 18 U.S.C. § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the

5

purposes set forth in paragraph (2) of this subsection." Those factors include (in relevant part):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentenced imposed---

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from future crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).

### A. The Nature and Circumstances of the Offense

Defendant was a courier for two drug organizations operating in the Eastern District of Michigan. (ECF No. 79, at ¶¶ 9-22). In her role, Defendant transported at least 2 kilograms of cocaine. (ECF No. 79, at ¶ 22). Based on information gathered by law enforcement, Defendant's role in both conspiracies was at the bottom of the organization. For transporting significant quantities of cocaine and money, Defendant was paid hundreds of dollars. (ECF No. 79, at ¶ 17).

### B. History and Characteristics of the Defendant

Defendant is 42 years old. (ECF No. 79; PageID.520). Defendant has lived in Albion, Michigan for most of her life. (ECF No. 79, at ¶¶ 62; 65). Defendant's father passed away from heart failure in 2011. (ECF No. 79, at ¶ 60). Defendant maintains a "very good" relationship with her mother. (ECF No. 79, at ¶ 60). Defendant has one adult child and one minor child. (ECF No. 79, at ¶ 63). Her oldest child is a recent college graduate. (ECF No. 79, ¶ 63).

Defendant has battled substance abuse throughout her life. (ECF No. 79, at ¶¶ 78-84). She participated in substance abuse treatment in 2008, 2009, and 2023. (ECF No. 79, at ¶¶ 80-82). Defendant reported

7

being under the influence of illegal controlled substances or alcohol during her participation of the offense conduct. (ECF No. 79, at ¶ 83). Based on health issues, Defendant receives Social Security Disability. (ECF No. 79, at ¶ 92).

In 2006, Defendant was convicted of a controlled substance offense, where she received a sentence of 23 months to 240 months' incarceration. (ECF No. 79, at ¶ 44). Defendant was paroled in July 2008. (ECF No. 79, at ¶ 44). In 2014, Defendant was convicted of a controlled substance offense, which stemmed from a traffic stop where law enforcement discovered an open beer can, a bag of marijuana, and a small amount of cocaine. (ECF No. 79, at ¶ 46). Defendant initially received a 12-month probation term but later violated, and received 150 days' incarceration. (ECF No. 79, at ¶ 46).

    C.    **The Need for the Sentence Imposed**

Defendant's possession and delivery of significant quantities of cocaine is troubling. However, Defendant served as a courier and had no leadership roles or responsibility.

## III. <u>CONCLUSION</u>

The record before the Court shows that Defendant was a courier in two significant drug operations.

For these reasons, a sentence within the appropriate guidelines range is warranted.

                                      Respectfully Submitted,

                                      DAWN N. ISON
                                      United States Attorney

                                      *s/ Jason Dorval Norwood*
                                      Jason Dorval Norwood
                                      Rajesh Prasad
                                      Assistant United States Attorneys
                                      211 W. Fort Street, Suite 2001
                                      Detroit, Michigan 48226
                                      313-226-9587
                                      Jason.Norwood@usdoj.gov

Dated: November 15, 2024

## CERTIFICATE OF SERVICE

    I hereby certify that on November 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorney on record.

                                          *s/Jason Dorval Norwood*
                                          Jason Dorval Norwood
                                          Assistant United States Attorney